ROD DIVELBISS (SBN: 102345)
rdivelbiss@jralp.com
ALVIN FISHMAN (SBN: 116795)
afishman@jralp.com
JRA LAW PARTNERS, LLP
450 Pacific Avenue, Suite 200
San Francisco, CA 94133
Telephone: (415) 788-4646
Facsimile: (415) 788-6929

Christopher Pickett, Mo. Bar No. 51059 *(pro hac vice* to be submitted)
cap@greensfelder.com
Caitlin M. Meyers, Mo. Bar No. 68381 *(pro hac vice* to be submitted)
cmeyers@greensfelder.com
GREENSFELDER, HEMKER & GALE, P.C.
10 South Broadway, 20th Floor
St. Louis, Missouri 63102
Telephone:  (314) 241-9090
Facsimile: (314) 345-5465

Attorneys for Plaintiff
Edward D. Jones & Co., L.P. d/b/a Edward Jones

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWARD D. JONES & CO., L.P. d/b/a EDWARD JONES,<br><br>Plaintiff,<br><br>v.<br><br>PAUL M. DELZIO<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. Misappropriation of Trade Secrets Under 18 U.S.C. § 1836<br>2. Misappropriation of Trade Secrets under California Civil Code § 3426, *et seq.*<br>3. Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*<br>4. Injunctive Relief |

Plaintiff Edward D. Jones & Co., L.P. ("Edward Jones"), by and through its undersigned counsel, for its Complaint against Defendant states as follows:

**INTRODUCTION**

1. This action is for a temporary restraining order and a preliminary injunction to maintain the status quo pending resolution of arbitration proceedings between Edward Jones and Defendant Paul M. Delzio ("Mr. Delzio" or "Defendant").[1]

2. Mr. Delzio was employed by Edward Jones. This dispute arises out of Mr. Delzio's departure from Edward Jones on August 13, 2018.

3. While still employed by Edward Jones, Mr. Delzio secretly, and in violation of his legal, equitable and contractual obligations to Edward Jones, actively and deceptively printed, copied, and/or removed Edward Jones' client files, confidential records, and/or trade secrets and took them with him after his employment ended.

4. Mr. Delzio's conduct violated the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 and California Civil Code § 3426, et seq.

5. To prevent continued irreparable harm arising from Mr. Delzio's course of conduct Edward Jones seeks immediate injunctive relief (in the form of a temporary restraining order and a preliminary injunction) barring Mr. Delzio from possessing, distributing, conveying and/or further using Edward Jones's confidential, trade secret, and proprietary business and customer information, pending resolution of Edward Jones's claims against Mr. Delzio in a related arbitration.

**PARTIES**

6. Edward Jones is a limited partnership and a registered broker/dealer operating more than 14,000 branch offices across the United States. Edward Jones is organized and existing under the laws of Missouri and maintains its principal place of business in Saint Louis, Missouri.

---

[1] Edward Jones and Mr. Delzio agreed to submit the matters addressed in this complaint to arbitration according to the rules of the Financial Industry Regulatory Authority ("FINRA"). Arbitration proceedings are being filed concurrently with FINRA Dispute Resolution. Edward Jones and Mr. Delzio, however, also expressly agreed that Edward Jones has the right to seek injunctive relief before a court of competent jurisdiction pending the outcome of arbitration. Express language governing these rights is set forth herein at ¶¶ 23, 24, and 25.

7. Mr. Delzio is currently a resident of Redwood City, County of San Mateo, California. Prior to August 13, 2018, Mr. Delzio was employed as a Financial Advisor with Edward Jones in an office located at 1001 Laurel Street, Suite D, San Carlos, California.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because claims at issue are governed by the laws of the United States, specifically the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 and related statutes.

9. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over other claims brought by Edward Jones because they form part of the same case or controversy as the claims over which this Court has original subject matter jurisdiction.

10. Venue is proper in this Court by virtue of 28 U.S.C. § 1937(b)(2) because a substantial part of the events and omissions giving rise to the claims contained in this Complaint occurred within the Northern District of California.

11. Venue is proper in this Court by virtue of 28 U.S.C. § 1391(b)(3) because this Court has personal jurisdiction over Defendant with respect to the claims contained in this Complaint.

## FACTUAL ALLEGATIONS

12. Edward Jones offers a wide variety of investment and financial advisory services. Edward Jones specializes in operating one-person branch offices in smaller- and medium-sized markets, including San Carlos, California, that have not traditionally been serviced by the larger investment firms. The successful operations of Edward Jones's offices in these markets, dealing almost exclusively with individual investors, is the result of many years of effort, research, promotion, advertising, time, expense, marketing and good will expended by Edward Jones.

13. Mr. Delzio worked as a financial advisor at Edward Jones in the San Carlos, California office from on or about January 2015 to August 13, 2018.

14. Throughout his employment, Mr. Delzio received supervision, assistance, and support from Edward Jones. He was visited and contacted by employees of Edward Jones to provide him with training and assistance. In addition, Mr. Delzio was able to and did, in fact, contact the Edward Jones headquarters to utilize the comprehensive services available there to assist him in managing

the San Carlos Edward Jones office and increasing his ability to become a successful financial advisor.

15. Mr. Delzio executed a Financial Advisor Employment Agreement (Non-Licensed) when he accepted employment at Edward Jones. A true and correct copy of this agreement, as executed by Mr. Delzio, is attached hereto as **Exhibit A**.

16. In signing his the Financial Advisor Employment Agreement (Non-Licensed), Mr. Delzio acknowledged and agreed that his employment would put him in contact with confidential, proprietary, and trade secret information of Edward Jones, including but not limited to the names and contact information and other confidential information belonging to Edward Jones's clients and the services provided to them. Mr. Delzio agreed that he would protect this confidential trade secret information, that he would use it exclusively in relation to his employment with Edward Jones, and that he would return all of such information to Edward Jones upon termination of his employment.

17. Client information including names, addresses, investment holdings and other financial information are confidential trade secrets and the exclusive property of Edward Jones.

18. Clients consider their financial information to be confidential and expect Edward Jones to take any and all reasonable steps to ensure their confidentiality. Further, regulatory bodies require that Edward Jones maintain the confidentiality of the financial information of its customers.

19. Paragraph 13 of the Financial Advisor Employment Agreement (Non-Licensed), Exhibit A, states as follows:

> You agree that all records of Edward Jones, whether original, duplicated, computerized, memorized, handwritten, or in any other form, and all information contained in those records, whether generated by Edward Jones or you including, but not limited to Edward Jones' processes, methods, plans, data, operations and the identities, names, addresses and telephone numbers of any account and/or client are confidential, proprietary to Edward Jones and constitute trade secrets of Edward Jones ("Edward Jones Trade Secrets"). Edward Jones Trade Secrets are and shall remain the sole and exclusive property of Edward Jones at all times during your employment with Edward Jones and after the termination of your employment. You shall at no time, while this Agreement is in effect or thereafter, use any Edward Jones Trade Secrets acquired by you during the period of this Agreement in a manner adverse to the interest of Edward Jones . . . It shall constitute a violation of this Agreement for you to provide client information to other than

Edward Jones employees who have need to access said information for the purpose of providing investments and services to clients of Edward Jones . . . It shall constitute a breach of this Agreement for you to provide client information to anyone without the express written permission of Edward Jones including, but not limited to, prospective or future employers, for any purpose whatsoever . . . These Edward Jones Trade Secrets, whether provided to you by Edward Jones or by any clients of Edward Jones, are entrusted to you as an employee and representative of Edward Jones. These Edward Jones Trade Secrets are unique, extremely valuable to Edward Jones, and are developed and acquired by great expenditures of time, effort, and cost. You agree that all of said Edward Jones Trade Secrets or any part of them are the sole proprietary information of Edward Jones and shall be treated by you at all times as confidential information of Edward Jones. You further agree that (a) the identity and particular needs of Edward Jones' clients have actual or potential independent economic value because such information is not generally known and is not readily ascertainable by proper means by competitors of Edward Jones or others in the industry; (b) Edward Jones has a proprietary interest in the identity of its clients and all other information about its clients; and (c) documents and information regarding Edward Jones' processes, methods, plans, data, operations, and the identities, names, addresses and telephone numbers of any account and/or client are highly confidential and are protected from disclosure as Trade Secrets or otherwise proprietary and confidential information. You will not use these Edward Jones Trade Secrets or remove any records or duplicates of records containing Edward Jones Trade Secrets from any Edward Jones premises except for the purpose of conducting business on behalf of Edward Jones. You further agree not to divulge or disclose these Edward Jones Trade Secrets to any third-party, either during your employment or at any time thereafter . . . In the event of the termination of your employment with Edward Jones, for any reason whatsoever, you agree to return any original records and any copies whatsoever of documents or any computerized records containing Edward Jones Trade Secrets or any confidential and proprietary information which have been removed from Edward Jones . . . You agree that Trade Secrets of Edward Jones include all data on [any laptop computer provided by Edward Jones] including the hard drive, zip drive and software, including programs. Client information and Edward Jones Trade Secrets, as defined [herein] remain the exclusive property of Edward Jones whether retained on computer disk, transferred to another computer or storage device or converted to any other format, including paper copies . . . You acknowledge and agree that Edward Jones will suffer great loss and damage if, during your employment with Edward Jones or at any time thereafter, you were to improperly use or disclose Edward Jones Trade Secrets or confidential and proprietary information . . . Therefore, you agree that you must comply with the restrictive covenants of this Agreement. It is understood at the execution of this Agreement, and you acknowledge and agree, that such restrictions protect legitimate

protectable interests of Edward Jones with respect to Edward Jones Trade Secrets and that the restrictions are reasonable and necessary to protect such interests, and that such restrictions do not impair or prevent you from earning a living or from working in other areas of the securities industry (e.g., effectuating sales to non-restricted customers).

20. Paragraph 4 of the Financial Advisor Employment Agreement (Non-Licensed), Exhibit A, states as follows:

> You shall keep and preserve all property of Edward Jones and shall deliver such property to Edward Jones, if requested, during the course of your employment. In the event your employment with Edward Jones ends either through termination by Edward Jones or by your resignation, you will surrender to Edward Jones all of said property which shall remain the property of Edward Jones.

21. Additionally, in signing the Financial Advisor Employment Agreement (Non-Licensed), Mr. Delzio agreed not to solicit Edward Jones's clients following termination of his employment.

22. Mr. Delzio acknowledged and agreed that a breach of his obligations regarding confidential trade secrets would cause irreparable harm to Edward Jones. More particularly, paragraph 13 of the Financial Advisor Employment Agreement (Non-Licensed), Exhibit A, states as follows:

> You acknowledge and agree that Edward Jones will suffer great loss and damage if, during your employment with Edward Jones or at any time thereafter, you were to improperly use or disclose Edward Jones Trade Secrets or confidential and proprietary information or if you were to use your contacts and relationships with any customers of Edward Jones.

23. Mr. Dalzio also agreed that Edward Jones would be entitled to injunctive relief related to any such breach as well as the recovery of related attorneys' fees. More particularly, Paragraph 14 of the Financial Advisor Employment Agreement (Non-Licensed), Exhibit A, states as follows:

> In addition to and not in lieu of, all other rights and remedies available to Edward Jones, Edward Jones shall be automatically entitled to a temporary restraining order and a temporary or preliminary injunction and to obtain all other available equitable remedies including a permanent injunction in order to restrain and enjoin any breach or violation of this Agreement by you. The exercise of Edward Jones' right

> to obtain injunctive relief for any actual or threatened damage or injury caused by you shall not prejudice its right to seek and obtain damages . . . . Edward Jones and you agree that Edward Jones would suffer substantial, immediate and irreparable harm to its patronage and good will; that it would suffer the loss of its clients and accounts (which cannot be adequately remedied by damages); that any remedy in arbitration would be a nullity unless temporary and preliminary relief preserving Edward Jones' rights hereunder pending such arbitration is granted; and that Edward Jones shall therefore be automatically entitled to (and may proceed to secure) a temporary restraining order and temporary or preliminary injunction and other appropriate relief in any state or federal court in order to preserve the status quo that existed prior to any alleged breach of this Agreement pending the outcome of such arbitration. This right of Edward Jones to injunctive relief shall be in addition to any other remedies available to Edward Jones for any breach or any violation hereof.

24. Paragraph 15 of the Financial Advisor Employment Agreement (Non-Licensed), Exhibit A, states as follows:

> You acknowledge that the separate and distinct promises in this Agreement are reasonable and necessary in order to protect Edward Jones' legitimate business interests, that any violation would result in irreparable injury to Edward Jones, and that the enforcement of a remedy by way of injunction or otherwise would not prevent you from earning a living. If Edward Jones incurs expenses to retain attorneys to enforce this Agreement and/or seek redress for any violation, you promise and agree to pay all costs, court costs, fees and expenses, including actual attorneys' fees, incurred by Edward Jones to enforce this Agreement and/or recover and collect damages for any violation, whether or not litigation is commenced.

25. Paragraph 16 of the Financial Advisor Employment Agreement (Non-Licensed), Exhibit A, states as follows:

> [Arbitration regarding this agreement] shall in no way affect or impair Edward Jones' rights under any other provision of this Agreement to obtain equitable relief from a court of competent jurisdiction, which relief may remain in full force and effect pending the outcome of arbitration proceedings.

26. Edward Jones has taken reasonable steps to maintain the confidentiality of its trade secrets and, when necessary, enforced its Financial Advisor Employment Agreement (Non-Licensed) against former employees who have breached its terms.

27. Moreover, Edward Jones does not limit its efforts at ensuring the confidentiality of client information at requiring Financial Advisors to execute its Agreement. Each Financial Advisor, including Mr. Delzio, is provided the Edward Jones Compliance Manual (the "Manual"). A true and correct copy of relevant portions of the Manual are attached hereto as **Exhibit B**.

28. Each and every Financial Advisor is required to read the Manual and be familiar with its contents. When signing the Financial Advisor Employment Agreement (Non-Licensed), Mr. Delzio agreed, in paragraph 17 of Exhibit A, "to become familiar with and strictly adhere to all rules, regulations and policies established by Edward Jones as set forth in the Edward Jones Compliance Manual . . . or in other communications."

29. The Edward Jones Manual, states as follows:

> The Uniform Trade Secrets Act forms the basis for this policy.
>
> A 'trade secret' is defined by the Uniform Trade Secret Act as: 'information, including a formula, pattern, compilation, program, device, method, technique, or process, that: [i] derives independent economic value, actual or potential, from not being generally known to, and [ii] not being readily ascertainable, by proper means, by other persons who can obtain economic value from its disclosure or use, and [iii] is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.'
>
> [Edward Jones] considers as its trade secrets, ('Trade Secrets') and intends to keep confidential, everything protected under the Uniform Trade Secrets Act, as well as the following:
>
> - Computer programs (whether in the form of source code, assembly language, object code, or any other form, including software, firmware, and programmable array logic)
> - Formulas, algorithms
> - Methods, techniques, processes
> - Designs, specifications, diagrams, flow charts
> - Manuals, descriptions, instructions, explanations, improvements
> - All ideas, systems, and methods of operation
> - Information concerning or resulting from research and development work performed by Edward Jones;
> - Information concerning Edward Jones' management, financial condition, financial operation, purchasing activities, sales activities, marketing activities and business plans, or other activities

> - Information concerning actual or potential Edward Jones clients, including their identities, contact information, and financial information
> - All other types and categories of information for which Edward Jones intends or expects secrecy to be maintained and for which the firm has made reasonable efforts to maintain its secrecy
>
> Trade Secrets include both information learned by Edward Jones partners and associates (collectively 'Associates') during their time working for Edward Jones and information developed by Associates in the course of their work for Edward Jones.
>
> By virtue of employment with Edward Jones . . . one may be entrusted with or have access to Trade Secret information.  Under the law, associates are obligated not to disclose or use, except in their work at Edward Jones, any Trade Secret.  This obligation exists both during and after one's employment with Edward Jones and for so long as the Trade Secret is not generally known outside Edward Jones.
>
> Associates may also be advised from time to time as to restrictions upon the use or disclosure of specified information that has been licensed or otherwise disclosed to Edward Jones by third parties per license or confidential disclosure agreements.  Such agreements may contain restrictions upon the use or disclosure of such information.  Associates must abide by the restrictions upon use and disclosure contained in such agreements.
>
> All documents, encoded media and other tangible items provided by Edward Jones or prepared, generated, or created in connection with any business activity of Edward Jones are the property of Edward Jones.
>
> Upon termination of employment with Edward Jones, one must promptly deliver to Edward Jones all such documents, media and other items in one's possession, including all complete or partial copies, recordings, abstracts, notes or reproductions of any kind made from or about such documents, media, items or information contained therein.
>
> Edward Jones has spent and continues to spend significant resources developing and collecting information required to successfully operate its business.  This information is entrusted to Associates.
>
> Certain information is to be kept confidential due to its value to Edward Jones.  Failure to keep this information confidential can cause significant harm to Edward Jones, including monetary loss.  Unauthorized use or misappropriation of Trade Secrets violates Edward Jones policy, and state and federal law.

See Exhibit B attached.

30. Edward Jones required every Financial Advisor, including Mr. Delzio, to acknowledge regularly the trade secret status of customer information. Once every six months each Financial Advisor, including Mr. Delzio, must acknowledge the trade secret status of said information or be denied access to said information on the office computer. A true and correct copy of Edward Jones's related policy is attached hereto as **Exhibit C**.

31. As recently as March 12, 2018, as well as many times before, Mr. Delzio acknowledged the trade secret status of the information at issue in this matter.

32. Edward Jones undertakes other extensive efforts to ensure that confidential client information is secured and not available to the public. The steps include not only requiring Financial Advisors to execute the agreements described herein and abide by the confidentiality requirements contained in the Manual, but also the implementation of various security systems limiting access to hard-copy and computer data and restricting access to said information to only those who have a need to know and have access to it.

33. Upon information and belief, Mr. Delzio intentionally collected Edward Jones trade secrets and took them with him to solicit Edward Jones's clients and induce them to terminate their relationship with Edward Jones.

34. On July 16, 2018, Mr. Delzio was first notified by Michele Bunsick that he was the subject of a Compliance Investigation.

35. On July 20, 2018, during a telephone call, Ms. Bunsick informed Mr. Delzio that he would have to go to the home office for a Compliance Meeting.

36. On July 26, 2018, Ms. Bunsick delivered written confirmation of the Compliance meeting. In that confirmation, she informed Mr. Delzio that, "Disciplinary action, if needed, has not been determined. A decision may not be made until after the meeting, at which time it will be communicated to you. If violations are found to have occurred, disciplinary action may consist of a written warning, a monetary fine, Special Supervision, additional training, regulatory reporting or termination of your employment."

37. Shortly thereafter, on July 26, 2018, Mr. Delzio printed a Total Value Sequence Summary Report for June 29, 2018. This report identified all of the Edward Jones clients to whom

he provided services, their account numbers, and Edward Jones customer information contained in their accounts.

38. On July 26, 2018, Mr. Delzio printed two copies of a list titled "HHSLDS" and described as TOTAL HOUSEHOLDS JULY 2018. The list contained the identities, addresses, telephone numbers, account numbers, and money market account balances for 327 Edward Jones clients. Mr. Delzio created this list on July 26, 2018. On August 12, 2018, Delzio printed a third copy of this same list.

39. On August 11, 2018 at 10:16 a.m., Delzio printed an Investment Count Sequence Report containing the identities, account numbers, investment count and other confidential information for each client. On the same date, at 10:17 a.m, Delzio printed the Total Value Sequence Summary Report for July 27, 2018.

40. The compliance hearing was scheduled for August 13, 2018. During the meeting, in which Mr. Delzio participated, the firm made the decision to terminate Mr. Delzio's employment.

41. Upon information and belief, Mr. Delzio has used and continues to use confidential client information to solicit Edward Jones's clients and induce them to terminate their relationship with Edward Jones.

42. Edward Jones's trade secret client information which was taken and/or retained by Mr. Delzio is confidential and proprietary to Edward Jones and is not readily available to or ascertainable by Mr. Delzio or other competitors. Such information is valuable to competitors because it can be used to target solicitations of an otherwise unknown group of investors and provide competitors with information to Plaintiff's great prejudice.

43. When Edward Jones's trade secret client information is improperly disseminated to third parties, it can result in monetary damages as well as harm to its business reputation and a loss of goodwill.

44. Mr. Delzio's use of Edward Jones's trade secrets and violation of his agreements with Edward Jones is causing and will continue to cause irreparable harm to Edward Jones.

45. Before Mr. Delzio's termination, the Edward Jones San Carlos, California office where he worked managed assets in excess of $142,000,000.

46. Plaintiff is informed and believes, and thereon alleges, that the actions of Mr. Delzio have damaged Edward Jones's San Carlos, California office because he has used or has the ability to use confidential trade secret information to solicit Edward Jones clients representing a significant amount of assets, as well as caused noncompensable damages to Edward Jones's business reputation and damaged Edward Jones's goodwill which it has developed at great effort and expense over many years.

## FIRST CLAIM FOR RELIEF
## MISAPPROPRIATION OF TRADE SECRETS
### Defend Trade Secrets Act, 18 U.S.C. § 1836

47. The allegations of Paragraphs 1 through and including 46 are incorporated herein by reference with the same force and effect as if set forth in full below.

48. Edward Jones's trade secrets and confidential and proprietary business and customer information derives substantial, independent economic value from not being generally known to the public or to its competitors, who could obtain economic value from the information. Edward Jones has expended substantial financial and human resources to develop this information, which cannot be easily acquired or replicated by others.

49. Edward Jones has taken reasonable steps under the circumstances to safeguard the confidentiality and secrecy of its trade secrets and confidential information.

50. Among other things, Edward Jones has required its employees to sign agreements and conform to policies that include confidentiality provisions. It has instructed its employees to not disclose internal information to third parties. It has taken security measures and other measures to protect its trade secrets and confidential information in electronic and hard-copy formats.

51. Mr. Delzio agreed to and acknowledged contracts and policies that include confidentiality and non-disclosure provisions.

52. Edward Jones's trade secrets and confidential information are valuable and important to the operation of its business.

53. Edward Jones's trade secrets and confidential information are not known to competitors, not readily ascertainable through proper means by competitors. Competitors could

profit from the use or disclosure thereof.

54. Plaintiff is informed and believes that Mr. Delzio has used Edward Jones's trade secrets and confidential information for his benefit without Edward Jones's consent.

55. Mr. Delzio's conduct constitutes a misappropriation and misuse of Edward Jones's confidential, proprietary, and trade secret information.

56. If Mr. Delzio is permitted to unfairly compete with Edward Jones as described herein, he will continue to use the Edward Jones's trade secrets and confidential information to his advantage, and/or to the advantage of competitors to the detriment of Edward Jones.

57. Upon information and belief, Mr. Delzio's acts and conduct were willful and malicious, and in conscious or reckless disregard of the rights of Edward Jones.

58. By reason of Mr. Delzio's violations of the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 and related statutes, Edward Jones faces immediate, substantial, and irreparable harm for which there is no adequate remedy at law.

59. As a direct and proximate result of Mr. Delzio's violations of the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 and related statutes, Edward Jones has sustained and will continue to sustain irreparable injury, the damages from which cannot now be calculated, but which exceed $75,000. Accordingly, Edward Jones is entitled to a temporary restraining order and a preliminary injunction, compensatory and exemplary damages, and attorneys' fees.

## SECOND CLAIM FOR RELIEF

## MISAPPROPRIATION OF TRADE SECRETS

**California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426.1 *et seq.***

60. The allegations of Paragraphs 1 through and including 46 are incorporated herein by reference with the same force and effect as if set forth in full below.

61. Edward Jones's trade secrets and confidential and proprietary business and customer information derives substantial, independent economic value from not being generally known to the public or to its competitors, who could obtain economic value from the information. Edward Jones has expended substantial financial and human resources to develop this information, which cannot be easily acquired or replicated by others.

62. Edward Jones has taken reasonable steps under the circumstances to safeguard the confidentiality and secrecy of its trade secrets and confidential information.

63. Among other things, Edward Jones has required its employees to sign agreements and conform to policies that include confidentiality provisions. It has instructed its employees to not disclose internal information to third parties. It has taken security measures and other measures to protect its trade secrets and confidential information in electronic and hard-copy formats.

64. Mr. Delzio agreed to and acknowledged contracts and policies that include confidentiality and non-disclosure provisions.

65. Edward Jones's trade secrets and confidential information are valuable and important to the operation of its business.

66. Edward Jones's trade secrets and confidential information are not known to competitors, nor readily ascertainable through proper means by competitors. Competitors could profit from the use or disclosure thereof.

67. Mr. Delzio has used Edward Jones's trade secrets and confidential information for his benefit without Edward Jones's consent.

68. Mr. Delzio's conduct constitutes a misappropriation and misuse of Edward Jones's confidential, proprietary, and trade secret information.

69. If Mr. Delzio is permitted to unfairly compete with Edward Jones as described herein, he will continue to use the Edward Jones's trade secrets and confidential information to his advantage, and/or to the advantage of competitors and to the detriment of Edward Jones.

70. Upon information and belief, Mr. Delzio's acts and conduct were willful and malicious, and in conscious or reckless disregard of the rights of Edward Jones.

71. By reason of Mr. Delzio's violations of California Uniform Trade Secrets Act, Cal Civil Code §§ 3426.1 *et seq.*, Edward Jones faces immediate, substantial, and irreparable harm for which there is no adequate remedy at law.

72. As a direct and proximate result of Mr. Delzio's violations of the California Uniform Trade Secrets Act, Cal Civil Code §§ 3426.1 *et seq.*, Edward Jones has sustained and will continue to sustain irreparable injury, the damages from which cannot now be calculated. Accordingly,

Edward Jones is entitled to a temporary restraining order and a preliminary injunction, compensatory and exemplary damages, and attorneys' fees.

### THIRD CLAIM FOR RELIEF

### UNFAIR COMPETITION

**Cal. Bus. & Prof. Code § 17200,** *et seq.*

73. The allegations of Paragraphs 1 through and including 46 are incorporated herein by reference with the same force and effect as if set forth in full below.

74. In violation of California Business and Professions Code sections § 17200, *et seq.*, Mr. Delzio, improperly misappropriated, removed, retained, and/or began using Edward Jones's confidential trade secret information to solicit Edward Jones's clients and induce them to terminate their relationship with Edward Jones. Mr. Delzio knowingly and willfully engaged in this wrongful conduct. These acts constitute unlawful, unfair, and/or fraudulent business practices and unfair competition.

75. As a result of such acts, Edward Jones has suffered, and will continue to suffer, irreparable harm from Mr. Delzio's unfair practices and unfair competition, including but not limited to harm to its business reputation, good will and stature, in the business community and with its customers, for which there is no adequate remedy at law, thereby justifying injunctive relief.

76. Until and unless injunctive relief is granted, Plaintiff will be irreparably harmed. Further, Mr. Delzio has been and will be unjustly enriched, which enrichment should be disgorged pursuant to allowable remedies under California Business and Professions Code Sections 17200 *et seq*.

### FOURTH CLAIM FOR RELIEF

### INJUNCTIVE RELIEF

77. The allegations of Paragraphs 1 through and including 46 are incorporated herein by reference with the same force and effect as if set forth in full below.

78. Mr. Delzio's actions entitle Edward Jones to injunctive relief pursuant to the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 and related statutes, as well as the California Uniform Trade Secrets Act, Cal. Civil Code §§ 3426, *et seq.*, Cal. Bus. & Prof. Code § 17200, *et seq.* and other

applicable laws, equitable principles prohibiting Mr. Delzio from using property belonging to Edward Jones, as described herein, and/or the provisions of contracts between Mr. Delzio and Edward Jones.

**WHEREFORE, Edward Jones respectfully requests that a Judgment be entered in its favor against Mr. Delzio as follows:**

A. A temporary and preliminary injunction lasting until such time as FINRA Dispute Resolution renders an award in the underlying dispute, enjoining and restraining Defendant, directly or indirectly, and whether alone or in concert with others, from using, disclosing, or transmitting, for any purpose, Edward Jones's documents, materials, trade secrets, and/or confidential or proprietary information pertaining to Edward Jones, its employees, its operations, and/or its clients.

B. Ordering Defendant, and all those acting in concert with him, to return to Edward Jones or its counsel all records, documents, and/or information in whatever form (whether original, copied, computerized or handwritten), pertaining to Edward Jones, its trade secrets, its confidential or proprietary information, its employees, its operations, and/or its clients, within 24 hours of notice to Mr. Delzio or his counsel of the terms of such an Order.

C. Damages to be determined at trial.

D. Exemplary damages pursuant to the Defend Trade Secrets Act and the California Uniform Trade Secrets Act.

E. Costs.

F. Attorneys' fees pursuant to the Defend Trade Secrets Act and California Uniform Trade Secrets Act, as a result of Defendant's willful and malicious misappropriation, and pursuant to Defendant's contracts with Edward Jones.

G. Such other and further relief as the Court deems just and proper.

DATE: August 28. 2018                    Respectfully submitted,

                                            JRA LAW PARTNERS, LLP

                                            By:   /s/Rod Divelbiss
                                                    Rod Divelbiss
                                                    Counsel for Plaintiff

COMPLAINT FOR TEMPORARY, PRELIMINARY, AND PERMENENT INJUNCTIVE RELIEF AND DAMAGES